```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
                                                               :
AUTOMOBILE CLUB OF NEW YORK, INC.,                             :
d/b/a AAA New York, and AAA NORTH                              :
JERSEY, INC.,                                                  :
                                                               :
                                                               :
                            Plaintiffs,                        :
                                                               :       Before: Richard K. Eaton, Judge*
                 v.                                            :
                                                               :       11 Civ. 6746 (RKE)
THE PORT AUTHORITY OF NEW YORK                                 :
AND NEW JERSEY,                                                :
                                                               :
                            Defendant.                         :
---------------------------------------------------------------x
```

**OPINION and ORDER**

Before the court is the motion of Yoel Weisshaus, proceeding *pro se*, for permissive intervention in this case pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. By his motion, Mr. Weisshaus seeks to intervene on the side of plaintiffs Automobile Club of New York, Inc., doing business as AAA New York, and AAA North Jersey, Inc. ("AAA") in objecting to the Magistrate Judge's denial of AAA's motion to compel. Mr. Weisshaus's motion[1] is opposed by defendant, the Port Authority of New York and New Jersey (the "Port Authority"). For the reasons set forth below, Mr. Weisshaus's motion is denied.

---

[*] Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

[1] Mr. Weisshaus also, in the alternative, asks that his letters be considered as *amicus* briefs. Because these letters raise arguments not presented to the Magistrate Judge, they are not accepted as *amicus curiae* briefs. *See Andersen v. Leavitt*, No. 03–cv–6115 (DRH)(ARL), 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007), *amended on reconsideration in part*, No. 06-CV-0001S, 2007 WL 1200473 (W.D.N.Y. Apr. 20, 2007)) ("[T]he filing of an *amicus curiae* brief should not be used to address 'wholly new issues not raised by the parties.'"); *see also Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ.

1

BACKGROUND

On September 27, 2011, AAA sued the Port Authority alleging that it had unlawfully approved certain toll increases.  Compl. 1–2 (ECF Dkt. No. 1).  Previously, on September 19, 2011, Mr. Weisshaus, too, had sued the Port Authority, also alleging that the toll increases were not in accordance with law.  *See* Compl. at 3, *Weisshaus v. Port Authority of N.Y. & N.J.*, No. 11 Civ. 6616 (S.D.N.Y. Sept. 19, 2011), ECF Dkt. No. 2.  Mr. Weisshaus's suit was dismissed by the District Court and was the subject of a subsequent order denying reconsideration.  Order of Dismissal, *Weisshaus v. Port Authority of N.Y. & N.J.*, No. 11 Civ. 6616 (S.D.N.Y. Oct. 24, 2011), ECF Dkt. No. 4; Order, *Weisshaus v. Port Authority of N.Y. & N.J.*, No. 11 Civ. 6616 (S.D.N.Y. Dec. 8, 2011), ECF Dkt. No. 9.  On appeal to the Second Circuit, the District Court orders were affirmed, except that the Court remanded the question of whether Mr. Weisshaus had sufficiently alleged a cause of action under the dormant Commerce Clause.  *Weisshaus v. Port Auth. of N.Y. & N.J.*, 497 F. App'x 102, 105, 106 (2d Cir. 2012), *cert. denied*, 134 S. Ct. 386 (2013).

AAA's suit has proceeded through discovery and the court is about to hear oral argument on AAA's appeal of the Magistrate Judge's Opinion and Order on AAA's motion to compel.  *See* Op. and Order (ECF Dkt. No. 102).  Mr. Weisshaus hopes to intervene in this case in order to argue for reversing the appealed Order of the Magistrate Judge based on arguments not made to Judge Pitman.  *See* Letter from Yoel Weisshaus to Judge Richard K. Eaton 2, 5 (July 22, 2014) (ECF Dkt. No. 111) ("Thus, the deliberative process privilege, if any, is revoked by

---

7935(ALC)(HPB), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (citing *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.,* 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008)) ("[T]he decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court."); *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746(RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (citation omitted) ("District courts have broad discretion to permit or deny an appearance as amicus curiae in a case.").

statute" and "[w]ithout a doubt, if the Magistrate had considered the factual issues I raise, AAA's motion would have been granted.").

## DISCUSSION

An applicant may be permitted to intervene under Rule 24(b) of the Federal Rules of Civil Procedure, at the discretion of the court, if its application is timely, the applicant "has a claim or defense that shares with the main action a common question of law or fact," and "the intervention will [not] unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). When a claim for intervention is "permissive" under Rule 24(b), "[t]he court considers substantially the same factors" as it does when the claim is "of right" under Rule 24(a), which require an applicant to "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (citation omitted) (quoting *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003)).

Here, it is apparent that the second and third factors, listed above, are satisfied. That is, both Mr. Weisshaus's and AAA's suits involve similar challenges to the Port Authority's authorization of the tolls. Also, it could be the case that Mr. Weisshaus's interest might be impaired to the extent that the dormant Commerce Clause is considered in the context of AAA's suit. Thus, the court's consideration of the second and third factors cut in favor of Mr. Weisshaus's application.

As to the first factor, however, the application is wanting. Mr. Weisshaus has simply waited too long. "The timeliness of [a motion to] intervene[e] is measured by '(1) the stage of

the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay.'" *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 965 (9th Cir. 2007) (quoting *United States v. Carpenter,* 298 F.3d 1122, 1125 (9th Cir. 2002)).  Here, the Magistrate Judge's order is on appeal.  According to Mr. Weisshaus, he wishes to argue new legal theories for why the discovery he seeks should be granted.  Except for document requests made pursuant to the Freedom of Information Act, it is not clear to the court that Mr. Weisshaus has engaged in any discovery, let alone the extensive discovery engaged in by AAA that is the subject of the Magistrate Judge's Order.  To allow him to intervene now and to make arguments not considered by the Magistrate Judge in the first instance, would necessarily delay the process and potentially prejudice the Port Authority by requiring it to litigate matters not heard by Judge Pitman.  Moreover, Mr. Weisshaus has offered no compelling reason for his delay in seeking to intervene.

In addition, Mr. Weisshaus has not shown or even argued that his interests are not adequately protected.  *See Citizens Against Casino Gambling*, 704 F. Supp. 2d at 287 (denying Rule 24(b) motion for permissive intervention because, even had the motion been timely, the "relevant factors [did] not weigh in favor of intervention" because the movant did "not contend that its interests [would] not be adequately represented by [the d]efendants . . . and its participation [would] not significantly contribute to full development of factual issues.").

Therefore, it is apparent that, of the four factors generally considered for motions pursuant to Rule 24(b), Mr. Weisshaus has failed to satisfy two.

## CONCLUSION

Accordingly, Mr. Weisshaus's motion to intervene is DENIED. The Clerk of Court is directed to close document number 111 on the docket of this case.

SO ORDERED.

Dated:      October 17, 2014
            New York, New York

                                                                /s/ Richard K. Eaton
                                                                Richard K. Eaton