MANDATE

19-161-cv
*Weisshaus v. Port Authority*

1:11-cv-06616-RKE

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
DENNY CHIN,
SUSAN L. CARNEY,
 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 18 2020

YOEL WEISSHAUS,

 *Plaintiff-Appellant*,

 -v-   19-161-cv

PORT AUTHORITY OF NEW YORK & NEW
JERSEY,

 *Defendant-Appellee*,

NEW YORK STATE, NEW YORK STATE
ASSEMBLY, NEW YORK STATE SENATE,
STATE OF NEW JERSEY, NEW JERSEY
STATE LEGISLATOR, NEW JERSEY STATE
GENERAL ASSEMBLY, NEW JERSEY STATE
SENATE, JOHN DOES 1 THROUGH 20,

MANDATE ISSUED ON 06/18/2020

JANE DOES 1 THROUGH 20,
    *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | YOEL WEISSHAUS, *pro se*, New Milford, New Jersey. |
| FOR DEFENDANT-APPELLEE: | KATHLEEN G. MILLER, The Port Authority of New York and New Jersey, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Eaton, *J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the action is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Yoel Weisshaus, proceeding *pro se*, sued defendant-appellee Port Authority of New York and New Jersey (the "Port Authority"), claiming, *inter alia*, that toll increases for the Port Authority's river crossings violated his right to travel. His complaint was *sua sponte* dismissed in 2011. On appeal, we affirmed the dismissal of all claims, except we remanded for the district court to consider whether Weisshaus had adequately pleaded a dormant Commerce Clause claim. *See Weisshaus*

---

[1] Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

*v. Port Auth. of N.Y. & N.J.*, 497 F. App'x 102, 104-05 (2d Cir. 2012). We noted that the district court could, in its discretion, stay the case pending resolution of a similar case brought against the Port Authority by AAA Northeast and other AAA entities (collectively, "AAA"). *Id*. at 105.

On remand, in an amended complaint, Weisshaus asserted three claims under the dormant Commerce Clause based on: (1) the setting of tolls to fund projects unconnected to the Port Authority's "interdependent transportation system" ("ITN"); (2) the discount given to E-ZPass users as compared to those who pay tolls in cash; and (3) the setting of tolls to fund future projects. He also asserted other claims not based on the dormant Commerce Clause. The Port Authority moved to dismiss the new complaint for failure to state a claim, or to stay the case pending decision in the AAA case. The Port Authority provided exhibits from the AAA case in support. The district court stayed Weisshaus's case until summary judgment was granted for the Port Authority in the AAA case. D. Ct. Dkt. No. 56; *see also AAA Ne. v. Port Auth. of N.Y. & N.J.* ("*AAA*"), 221 F. Supp. 3d 374, 396 (S.D.N.Y. 2016). After the stay was lifted, Weisshaus moved to file a second amended complaint. The district court denied that motion. It considered converting the Port Authority's motion to dismiss to a motion for summary judgment, but did not do so; in the end, it granted the Port Authority's motion to dismiss, relying in part on factual findings the court had made in *AAA*.

-3-

This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I.   *Standards of Review*

We review *de novo* a district court's dismissal for failure to state a claim. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). While we ordinarily "review denial of leave to amend under an abuse of discretion standard, when the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Id.* (internal quotation marks and alterations omitted) (italics added).

II.   *Non-ITN Projects Claim*

In deciding a motion to dismiss for failure to state a claim, this Court (and the district court) should not consider matters outside the pleadings. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013). Courts must limit their consideration to: (1) "the factual allegations in the . . . complaint, which are accepted as true"; (2) "documents attached to the complaint as an exhibit or incorporated in it by reference"; (3) "matters of which judicial notice may be taken"; or (4) "documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014) (internal quotation and alterations marks omitted).

-4-

As for judicial notice, Federal Rule of Evidence 201(b) provides that courts may take judicial notice only of facts outside the trial record that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "Such facts must either be (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (internal quotation marks omitted). "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Id.* (internal quotation marks omitted). "Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source." *Id.*; *see also Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992) (noting that the district court overstepped the bounds of judicial note when it relied on a finding of fact from a bankruptcy court order).

"[W]here matter outside the pleadings is offered and not excluded by the trial court, the motion to dismiss should be converted to a motion for summary judgment." *Nakahata*, 723 F.3d at 202-03; *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

-5-

Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). However, "reversal for lack of conversion is not required unless there is reason to believe that the extrinsic evidence actually affected the district court's decision and thus was not at least implicitly excluded." *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999).

We conclude that the district court erred in dismissing the non-ITN projects claim. The Port Authority submitted with its motion evidence produced in *AAA*. The Port Authority relied on this evidence for the proposition that its ITN system was unprofitable. The district court did not convert the motion to one for summary judgment, but nonetheless cited to factual findings in the *AAA* decision. In doing so, the district court apparently believed it could take judicial notice of the factfinding in *AAA*. For instance, in examining whether revenues were diverted to non-ITN projects, the court described the findings in *AAA* and then concluded:

> Faced by the full weight of these facts, Weisshaus has not shown that his allegations of fact could lead the court to reasonably find the Port Authority liable on facts that have already been determined to foreclose liability. Thus, plaintiff's claim that portions of the 2011 Toll Increase are being diverted to projects not functionally related to the ITN fails to state a claim under the dormant Commerce Clause. Because the court previously decided that there were no toll revenues that could have been diverted to projects outside of the ITN, plaintiff's claim that the 2011 Toll Increase is being used to fund non-ITN projects . . . necessarily fails to allege facts sufficient to satisfy the pleading standard.

S. App'x at 29.

-6-

The findings in *AAA*, however, were not subject to judicial notice, and Weisshaus disputed or attempted to distinguish a number of facts drawn from those cases that were material to the decision to dismiss the non-ITN projects claim in this case. Because that use of facts from *AAA* was error, the matter is remanded for the district court to convert the motion to one for summary judgment, in whole or in part, and to permit Weisshaus an opportunity to submit evidence in opposition to the motion. Of course, the district court is free, upon such conversion, to consider the evidentiary materials submitted by the Port Authority. We express no opinion as to the merits of Weisshaus's claim.

### III. *Points That Are Affirmed*

Despite the error discussed above, there are aspects of the district court's decision that we affirm.

#### A. *Other Dormant Commerce Clause Claims*

Weisshaus argues that the Port Authority's cash toll surcharge violates the dormant Commerce Clause because it "penalize[es] drivers for not having E-ZPass." Appellant's Br. at 49. He contends that the district court erred when it considered the benefits that E-ZPass confers on all drivers -- that is, better traffic flow -- because the court "stepped outside the four corners of the complaint[]" to make such a finding. Appellant's Br. at 51. We disagree. Weisshaus attached a Port Authority press release to his amended complaint, which explained the Port Authority's reason for discounting

-7-

the toll price for E-ZPass users: to decrease traffic congestion.  In nearly a decade of litigation, Weisshaus has never contended that this benefit was inauthentic, nor does he do so on appeal.  Accordingly, the district court appropriately relied on the documents incorporated into Weisshaus's amended complaint, and it did not err when it dismissed his cash toll surcharge claim.

Similarly, we affirm the district court's dismissal of Weisshaus's future projects claim, also raised under the dormant Commerce Clause.  There, he argues that the Port Authority cannot raise toll prices "to fundraise revenues for future facilities, years in advance" because it may never deliver a benefit to those paying the increased rate.  Appellant's Br. at 54.  When determining whether a fee charged by a government entity violates the Commerce Clause, we consider whether the fee "confer[s] an actual or *potential* benefit" on those who pay.  *See Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*, 567 F.3d 79, 87 (2d Cir. 2009) (emphasis added).  A fee is permissible if it supports a project with "at least a functional relationship to facilities used by the fee payers." *Id.* (internal quotation marks omitted).  Here, the Port Authority plans to use the funds to "maintain and modernize the bridges and tunnels of the ITN," Appellee's Br. at 23, which satisfies the "functional relationship" requirement, *see Bridgeport*, 567 F.3d at 87.  Accordingly, the district court did not err in dismissing Weisshaus's future projects claim.

-8-

B.  *Scope of Our Prior Mandate*

"The scope of a mandate may extend beyond express holdings, and precludes relitigation both of matters expressly decided [and] . . . impliedly resolved by the appellate court." *In re Coudert Bros. LLP*, 809 F.3d 94, 99 (2d Cir. 2015) (internal quotation marks and alterations omitted). "A mandate, therefore, may expressly dispose of certain issues raised on appeal, or if the disposition of an issue is necessarily implied by our decision, a mandate may also foreclose such an issue from being considered by the lower court." *Id.* (internal quotation marks omitted). "The district court must follow both the specific dictates of the remand order as well as the broader spirit of the mandate." *Id.* (internal quotation marks omitted).

Here, our remand order directed the district court to "analyze the adequacy of Weisshaus's pleadings with respect to a dormant Commerce Clause claim by applying the standard the Supreme Court set out . . . for analyzing the reasonableness of fees charged for use of state-provided facilities." *Weisshaus*, 497 F. App'x at 105. We instructed the district court "to determine in the first instance whether Weisshaus has adequately pleaded such a claim or should be granted leave to amend the claim." *Id.* at 104-05. We then affirmed the dismissal of Weisshaus's claims in all other respects. *Id.* at 106. To the extent that Weisshaus attempted on remand to raise claims other than the dormant Commerce Clause, the district court was correct to dismiss them as beyond the scope of this Court's mandate.

-9-

C.  *Minimum Wage Claim*

In his original complaint, Weisshaus asserted that the post-2011 toll rate "exceeds the minimum wage guideline of what a person under such income conditions can afford . . . . Thus, these tolls are targeted to restrict minimum wage earners the right to travel." Our prior panel affirmed the dismissal of Weisshaus's right-to-travel claim, stating that "travelers do not have a constitutional right to the most convenient form of travel, and minor restrictions on travel simply do not amount to the denial of a fundamental right." *Weisshaus*, 497 F. App'x at 104 (internal quotation marks omitted).

In his amended complaint, Weisshaus made essentially the same allegation that the toll was prohibitively expensive for a minimum wage earner, but instead presented it as the foundation of a dormant Commerce Clause claim. He asserted that the toll rate's chilling effect on travel for prospective minimum wage earners discriminated against interstate commerce. An independent review of the record and relevant case law reveals that the district court properly held that this claim fares no better when pursued under the Commerce Clause.

IV.  *Leave to Amend*

The district court's denial of Weisshaus's motion to amend the complaint was based, at least in part, on the factfinding it drew from *AAA*, which Weisshaus disputed. *See* S. App'x at 34 ("To the extent that plaintiff's Proposed Second Amended Complaint claims that the ITN was operating at a profit, and therefore, the need for the

-10-

2011 Toll Increase was motivated by an 'ulterior motive of setting the tolls at its highest level,' the court notes that it has previously addressed the issue in *AAA* . . . ."). The district court should reconsider its denial of that motion for the reasons discussed above.

We have considered all of Weisshaus's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court in part, **VACATE** in part, and **REMAND** the action for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

-11-