# EXHIBIT C

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YOEL WEISSHAUS,                                    *Case No.:  11-cv-6616*
                                                              *(RKE)*
                         Plaintiff,

                                                   **DEFENDANT'S RESPONSE TO**
        ─ against ─                                **PLAINTIFF'S AMENDED**
                                                   **DEPOSITION DEMANDS**

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                         Defendant.

-----------------------------------------------------------------X


        The Port Authority of New York and New Jersey (the "Port Authority"), for its response

to plaintiff's Notice of Amended Deposition Demands, by its undersigned counsel states as

follows:

**General Objections**

        1.      Defendant objects on the ground the Notice is not consistent with the discovery

order of the Court, is untimely and is inaccurately described as "amended," since no prior notice

of deposition has been served.

        2.      Defendant objects under Fed. R. Civ. P. 26 (c)(i) that the discovery sought is

unreasonably and unnecessarily cumulative or duplicative and can be obtained from a source that

it less burdensome.

        3.      Defendant objects under Fed. R. Civ. P.  26 (b) (i) on the grounds the discovery

sought is not proportional to the needs of the case.

        4.      The Notice is deficient under Fed. R. Civ. P. 30(b) (3) (A) in that it fails to state

the method of recording.

5.      The Notice is deficient under Fed. R. 30 (b) (6) in that it fails to describe with reasonable particularity the subject of the deposition.

**AMENDED DEPOSITION DEMANDS**

**Request # 1.**   The operation of the Port Authority of New York and New Jersey from 2000 to present.

**Response to Request # 1.**      Objection is made on the ground that the request is vague, overbroad, onerous, unduly burdensome, and not proportional to the needs of the case or likely to lead to the discovery of admissible evidence.

**Request #2.**   Examining the facts regarding the subject matter of this case.

**Response to Request #2.**      Objection is made on the ground the request is vague, unintelligible, fails adequately to specify the subject matter, and is not proportional to the needs of the case as required under Fed. R. Civ P. 26 and 30.

**Request #3**.   The rules and policies of the Port Authority of New York and New Jersey that is used in the course of business to manage finances from 2007 to present.

**Response to Request #3.**      Objection is made on the ground the request is overbroad, onerous, unreasonably burdensome, and not proportional to the needs of the case as required under Fed. R. Civ. P. 26 and 30 , since the sole issue remaining pursuant to the decision of the Second Circuit is whether in September 2011 the setting of the tolls was to fund projects unconnected to the Port Authority's interdependent transportation system.  Objection is also made on the ground the time frame exceeds that defined in the Complaint filed on 9/19/2011 and the Amended Complaint filed 2/20/2013.  See *Schaffer v. CC investments LDC*, 205 F.R.D. 158, (S.D.N.Y. 2002).

**Request #4.**   All documents and communications used by the Port Authority of New York and New Jersey in the course of business to manage finances from 2007 to present.

**Response to Request #4.**    Defendant objects to this request for the same reasons set forth in Response to Request #3 which is incorporated herein by reference.

**Request #5.**    The facts relating to configuring and setting the **Amounts** of the toll rates adopted on August 19, 2011.

**Response to Request #5.**    Objection is made on the ground that the information sought is irrelevant to the remaining issue in the case, and therefore is not proportional to the needs of the case under Fed. R. Civ. P. 26, since plaintiff's claim that the tolls were unreasonably high in comparison to wages was dismissed.

**Request #6.**    The contracts that the Port Authority has entered into with E-Z Pass to collect tolls.  The relevant contracts are all those that were active from January 2000 to present.

**Response to Request #6.**    Objection is made on the ground that the information sought in irrelevant to the remaining issue in this case, and is not proportional to the needs of the case as required by Fed. R. P. 26, since plaintiff's claim that E-Z Pass discounts were unlawful was dismissed from the case.  Objection is also made on the ground the request is overly broad, onerous, unreasonably burdensome and is not calculated to lead to the discovery of admissible evidence.

**Request #7.**    The payment arrangements between the Port Authority and E-Z Pass since January 2000 to present involving revenue of the collection of tolls.

**Response to Request #7.**    Defendant objects to this request for the same reason set for the Response to Request #6, which is incorporated herein by reference.

**Request #8.**    Capital projects from 2007 to the present such as raising the Bayonne Bridge, building the Goethals Bridge, rebuilding the Pulaski Skyway, etc.

**Response to Request #8.**    Objection is made on the ground the request is vague overbroad and lacks the specificity required under Fed. R. Civ. P. 30.  Objection is also made on

the ground the request is unreasonably onerous and burdensome and not proportional to the needs of the case.  Objection is also made on the ground that information is available in the Port Authority's annual financial reports which are filed on-line and the link for which has been provided to plaintiff.

**Request #9.**    What methods of accounting the Port Authority of New York and New Jersey employs to account for ITN expenses and revenue apart from non-ITN expenses from 2007 to the present.

**Response to Request #9.**      Objection is made on the ground the request is vague, unclear, unintelligible, overbroad, and not proportional to the needs of the case as required under Fed. R. Civ. P. 26.

**Request #10.**   The management of budgets and financial statements properly for the Interstate Transportation Network ITN expenses from 2007 to present.

**Response to Request #10.**     Objection is made on the ground the request is vague, unclear, unintelligible, overbroad and not proportional to the needs of the case as required by Fed. R. Civ P 26.  Notwithstanding these objections, The Chief Financial Officer for the Port Authority at the time of the toll increase in 2011 that is the subject of this lawsuit and for the period of time defined in the Complaint and Amended Complaint was Michael Fabiano, who is retired.

**Request #11.**   The successful management of revenues to show no deficit from 2007 to present.

**Response to Request #11.**     Objection is made on the ground the request is vague, unclear, unintelligible, overbroad, and not proportional to the needs of the case as required by Fed. R. Civ P. 26.  Objection is also made on the ground the request lacks the specificity required under Fed. R. Civ P. 30.

**Request #12.**  What method the Port Authority of New York and New Jersey uses to calculate to proclaim a deficit for the ITN.

**Response to Request #12.**    Objection is made on the ground the request is vague, unclear, unintelligible, overbroad and not proportional to the needs of the case as required by Fed. R. Civ. P. 26.  Notwithstanding this objection, the affidavit of Michael Fabiano, the Chief Financial Officer for the Port Authority sworn to on November 4, 2011 and the exhibits to the affidavit show that the Port Authority relied upon a "cash flow" analysis prepared by Mr. Fabiano.

Dated: New York, New York
        September 29, 2020

                                        Yours etc.

                                        The Port Authority Law Department
                                        Attorneys for The Port Authority of New
                                        York and New Jersey

                                        By: _____/S/_____
                                            Kathleen Gill Miller (KGM-4346)
                                            4 World Trade Center/150 Greenwich
                                            Street, 24 Floor
                                            New York, New York 10007
                                            Telephone:  (212) 435-3434

TO:    Yoel Weisshaus
       Plaintiff *Pro Se*
       516 River Road 6
       New Milford, NJ  07640
       (Via Email: yoelweisshaus@gmail.com)