**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YOEL WEISSHAUS,

                Plaintiff

                vs.

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY,

                Defendant.

**Case:**      **11-cv-6616-RKE**

**Document Demands**

TO:    Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

(collectively as "Defendant") and Counsel:

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure; Plaintiff

propounds the following discovery demands are made for the production of documents to plaintiff,

**Yoel Weisshaus, at 235 Milford Avenue, 2E, New Milford, NJ 07646**:

**GENERAL INSTRUCTIONS**

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" is treated

as referring to each and every Defendant named within this lawsuit, individually and collectively,

as may be appropriate.  As used herein, any references that appears to use masculine or feminine,

and any references indicating the use of singular or plural, are interchangeable.

If any objection is made to any of the following documents demands, the Defendant must

state such objection and state the relevant legal or factual basis for such objection.  If any objection

is made based upon a claim of privilege as to any response, Defendant must state the legal or

factual basis for the privilege invoked, and Defendant must provide a detailed privilege log to

support the invocation of such privilege.

Each and every document requested herein is continued in nature pursuant to the Federal Rules of Civil Procedure.  Defendant are obligated to reasonably amend responses and provide supplemental disclosure and serve them on the undersigned Plaintiff's counsel, whenever any updated information renders a production incomplete or inaccurate.

The term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendant, which Defendant have knowledge, whether originals, copies or facsimiles, even electronic.  Such writings or recordings include, and are not limited to, collection notes, electronic computer, emails, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, hard drives, flash cards, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer,

audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.  The date of the document.

b.  The type of document.

c.  The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document.

d.  The name of the employer or principal whom the signers, addresses and preparers were representing.

e.  The present location of the document.

f.  The name and current business and home addresses of the present custodian of the original document, and any copies of it.

g.  A summary of the contents of the document; and

h.  If the original document was destroyed, the date and reason for or a circumstance under which it was destroyed.

These documents demand is intended to cover all relevant documents in Defendant' possession, or subject to their custody and control, regardless of location. You must state if a responsive document is not in your custody.  If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Pursuant to the e-discovery requirements of the federal rules of civil procedure, plaintiff specifically demands herein that all discovery documents that can be produced in readable and

fully searchable electronic format be produced in that format.  "Print screens," printouts, or other manually produced copies of electronic data are unacceptable.

Plaintiff requests that the documents be made available for this inspection at a place of convenience and mutually accommodating to the parties including office of the Defendant, the Plaintiff's address during normal business hours, and with the least possible disruption to the ordinary course of Defendant' duties and responsibilities.  Unless any other arrangement is made agreeable to the parties, Plaintiff designates **Yoel Weisshaus, at 235 Milford Avenue, 2E, New Milford, NJ 07646**, a place of convenience and mutually accommodating to the parties.

Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant' response to this request has been filed, and that Plaintiff's attorneys be permitted to remove from Defendant' custody such documents as they may desire to copy, on the understanding that Plaintiff's attorneys will be responsible for such documents so long as they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned after copying has been completed.

## DEMANDS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce within thirty (30) days, the documents described herein and permit Plaintiff and his attorneys to inspect and copy such documents as they may desire:

1.      All documents and communications Defendant intend to introduce for any deposition regarding the subject matter of this case.

2.      All documents and communications Defendant intend to introduce at trial in this case.

3.      All documents and communications Defendant intend to introduce at trial for impeachment purposes.

4.      All documents and communications responsive to the Amended Complaint and proposed Second Amended Complaint.

5.      All documents and communications listing the rules and policies of the Defendant that is used in the course of business to manage finances, including:

I.     The policies governing the appropriation of revenues.
II.    The policies governing the appropriation of reserves.
III.   The policies governing the appropriation of costs of personnel.
IV.    The policies governing the appropriation of costs in maintaining facilities.
V.     The policies governing the appropriation of costs for capital projects.
VI.    The policies governing the appropriation of costs for operation expenses.
VII.   The policies governing the appropriation of costs for retiring debt.
VIII.  The policies governing the appropriation of toll revenues.
IX.    The policies governing the appropriation of costs amongst contractors, including private venders.
X.     The policies governing the recording and reporting of revenues.
XI.    The policies governing the recording and reporting of comprehensive annual financial reports.
XII.   The policies governing the recording and reporting of budgets.
XIII.  The policies governing the recording and reporting the finances of each facility belonging to Defendant.
XIV.   The policies governing the recording and reporting toll revenues.
XV.    The policies governing the recording and reporting of reserves.
XVI.   The policies governing the recording and reporting the financials of capital projects.
XVII.  The policies governing the recording and reporting the financials of operation expenses.
XVIII. The policies governing the collection and recording of toll collection.

6.      All documents and communications used by the Defendant, in the course of business to manage finances, including:

I.     The appropriation of revenues.
II.    The appropriation of reserves.
III.   The appropriation of costs of personnel.
IV.    The appropriation of costs in maintaining facilities.
V.     The appropriation of costs for capital projects.
VI.    The appropriation of costs for operation expenses.

VII.     The appropriation of costs for retiring debt.
VIII.    The appropriation of toll revenues.
  IX.    The appropriation of costs amongst contractors, including private vendors.
   X.    The recording and reporting of revenues.
  XI.    The recording and reporting of comprehensive annual financial reports.
 XII.    The recording and reporting of budgets.
XIII.    The recording and reporting the finances of each facility belonging to Defendant.
XIV.     The recording and reporting toll revenues.
 XV.     The recording and reporting of reserves.
XVI.     The recording and reporting the financials of capital projects.
XVII.    The recording and reporting the financials of operation expenses.
XVIII.   The collection and recording of toll collection.

7.      All documents and communications you have referencing Plaintiff.

8.      All the documents and communications that configured and determined the *Amount* of the toll rates adopted on August 19, 2011.  (This request seeks to understand how/what made the Port Authority calculate and arrive to the amounts that were set.  I seek those documents that dignified setting the toll rate to be $12 per axel starting 2011 and then $15 in 2014 onwards dollars as opposed to $8 or $50.)  Alongside this request, I also request access to the following documents:

   a.   All the documents involved in determining the "Financial Envelope." (A *Proposed Capital Plan 2011-2020*, dated July 18, 2011, shows the *Proposed Plan vs Financial Affordability* and detail that the toll prices were determined based on data involving the Financial Envelope.)

   b.   All the documents involved in determining the "Affordability Envelope."  (A *Proposed Capital Plan*, referring to Tunnels, Bridges & Terminals Department, dated July 18, 2011, shows the Proposed Capital Plan and detail that the toll prices were determined based on data involving the MBD's Affordability Envelope.)

   c.   All documents and communications that provide the basis for calculating and setting the amounts of the toll rates that were adopted August 19, 2011.

   d.   All documents and communications prompting the Port Authority to revise its preceding toll rates of 2006 and 2008 to the rates that were later adopted on August 19, 2011.

   e.   All the documents and communications (including calculations) that were used to justify imposing the "surcharge" and "penalty" for paying a toll in cash. (As part of the price adopted by the Board of Commissioners on August 19, 2011, a surcharge was levied against those commuters who pay with "cash").

9.       All the documents and communications that the Port Authority submitted *to* New York State Governor Honorable Andrew Cuomo and New Jersey Governor Honorable Chris Christie regarding the toll prices enacted on August 19, 2011. Alongside this request, I also request access to the following documents that should be made available:

    a.  The proposal the Port Authority submitted to the governors on or about August 5, 2011 advising to increase the toll rates.  (The Port Authority submitted a proposal to the governors, on or about August 5, 2011, fronting a significant toll rate increase to address a destabilizing fiscal deficit facing the Port Authority and its capital budget.)

    b.  The review and notice by the Commissioners to the governors, which identified $5 billion in savings.  (In a mutual letter signed by the governors dated August 18, 2011, the governors note that the "commissioners conducted a review of the current financial situation as well as the obligations under the proposed long-term capital plan and have informed our administrations that those reviews have identified $5 billion in savings that can be immediately achieved within the capital plan.")

    c.  Any and all revised proposals of increasing the toll rates that the Port Authority *submitted* to the governors, during the years of 2010 and 2011.

10.      All the documents and communications that the Port Authority *received from* New York State Governor Honorable Andrew Como and New Jersey Governor Honorable Chris Christie regarding the toll prices enacted on August 19, 2011. The following documents should also be provided:

    a.  The instructions the governors issued to the Commissioners, requiring them to look at how the Port Authority could immediately reduce costs and the future needs of the capital program in order to reduce the proposed toll hikes. (In a letter dated August 18, 2011 the governors stated, "We then directed our appointed commissioners to look at how the authority could immediately reduce costs and the future needs of the capital program in order to reduce the proposed toll hikes. We further directed our commissioners to work with the authority's leadership to craft a toll increase proposal that reduced the burden on drivers and businesses but still ensured that the authority's finances would be stabilized.")

    b.  Any and all revised proposals of increasing the toll rates that the Port Authority *received* from the governors, during the years of 2010 and 2011.

11.     The contracts that the Port Authority has entered with E-ZPass to collect tolls. The relevant contracts are all those that were and are active from January 2000 to the present.

12.     A record of all the payments between the Port Authority and E-ZPass since January 2000 to the present, involving revenues of the collection of tolls.  The record should also consist of the following:

      a.  The amount the Port Authority paid to E-ZPass and the description for its payment.
      b.  The amounts E-ZPass paid to the Port Authority and the description for its payment.

13.     A record of all revenues the Port Authority received from E-ZPass since January 2000 to the present involving the collection of tolls. The record should also consist of the following:

      a.  The amount E-ZPass paid the Port Authority, along with the description for its payment, as well the volume with the type of vehicles covered under such payment.

14.     All the documents that the Port Authority received from the Legislatures of New York and New Jersey authorizing to raise the Bayonne Bridge, and to collect its cost through raising the toll rates.

15.     All the documents that the Port Authority received from the Legislatures of New York and New Jersey authorizing to rebuilding the Pulaski Skyway, and to collect its cost through raising the toll rates.

16.     All the documents that the Port Authority received from the Legislatures of New York and New Jersey to building a new Goethals Bridge, and to collect its cost through raising the toll rates.

## RESERVATION

**PLEASE TAKE NOTICE** Plaintiff intends to supplement the foregoing Demand for Documents Production for all issues that remain open, as well the items that may remain open and unresponsive by the documents produced.

Dated: New Milford, NJ
      August 3, 2020

        Yoel Weisshaus, plaintiff