

October 19, 2021

**VIA ECF**
Honorable Richard K. Eaton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

                    *Re: Weisshaus v. The Port Authority of New York & New Jersey*
                        11 Civ. 6616 (RKE)

Dear Judge Eaton:

      In accordance with this Court's order of October 7, 2021, the Port Authority of New York and New Jersey (the "Port Authority") is providing a spreadsheet "showing gross amounts of capital expenditures, excluding write-off, for each ITN facility by fiscal year from 2007-2020" (*see,* Exhibit A).

      With respect to this Court's order of September 17, 2021, the Port Authority previously provided spreadsheets showing the toll revenue and debt service as well as the definitions of "allocated expenses" and "write-off" in advance of the deadlines set by the Court. However, as of October 18th, we were unable to come to agreement with the plaintiff on the " definition of "tolls" for reference in future proceedings. On October 14th I sent plaintiff a definition, which is as follows:

> "*Tolls are fees which are imposed by the Port Authority's Tunnels Bridges and Terminals Department for use by the general public of its bridges and tunnels, and which are reported as operating revenues in the Port Authority's annual financial statement.*"

      Violations result in penalties and fees which are rolled up and reported as toll income in the operating revenues of each of the ITN facilities in the Port Authority's financial statement. The reported operating revenues only include tolls and not income from any other source such as billboards.

      Plaintiff posed a number of questions and I believe I was able to answer all of them. However, he wants violation penalties and fees specifically included in the definition of tolls, but the Port Authority does not believe these terms should be included as the inclusion of penalties and fees in operating revenues is an accounting procedure. Moreover, the definition of tolls in this case may have implications for other matters. In bankruptcy matters, for example, the



Port Authority's proof of claim for monies E-ZPass violators owe breaks out the monies owed for tolls and the monies owed in penalties and fees.

Before submitting its definition, the Port Authority reviewed its financial and bond statements and found no definition of "tolls" therein.  My research showed that the term "tolls" was not defined in Second Circuit case law.  The definition proposed by the Port Authority is modeled in part on the definition adopted in *American Trucking Associations v. Alvitti*, 944 F.3d. 45, 49 (1st Cir. 2019), which was drawn from a nineteenth century case.  The advent of E-ZPass has changed the manner in which tolls are collected and made it easier not only to pass through the tolls, but to do so without paying.  Therefore, the penalties and fees that are incurred as a result of a violation are a toll add-on.

Since the issue here is whether the 2011 toll increases violate the dormant Commerce clause because they are excessive and the Port Authority has maintained that the toll increases were necessary because the expenses of the ITN, including the needed capital expenditures, resulted in the ITN showing no profit, they don't need to be separately referenced.

                                      Respectfully submitted,

                                          /S/

                                      Kathleen Gill Miller

cc:    Yoel Weisshaus
        Plaintiff *Pro Se*
        235 Milford Avenue
        Apt 2E
        New Milford, New Jersey 07646
        **VIA ECF**