UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

YOEL WEISSHAUS,

                        Plaintiff,

   -against-

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                        Defendant.

------------------------------------------------------------------------x

11 Civ. 6616 (RKE)

**ORDER**

**ORDER**

On March 4, 2024, the Court held a Local Rule 37.2 pre-motion discovery conference in response to Plaintiff's letter-motion requesting this conference. ECF No. 202. By his letter-motion, Plaintiff seeks to file a motion pursuant to Federal Rule of Civil Procedure 37(a)(3) and (c)(1) to compel disclosure of information relied on in Ms. McCarthy's expert report and reply (ECF Nos. 154, 201) and to preclude Defendant from using that information in support of its cross-motion for summary judgment. *See id.*

Following the conference, the Court ordered Plaintiff to file a letter in accordance with instructions provided during the conference and permitted Defendant to file a response letter. ECF No. 218. Plaintiff filed his letter on March 18, 2024. ECF No. 219. Defendant filed its response on April 15, 2024. ECF No. 222.

When considering Plaintiff's letter-motion (ECF No. 202), along with his post-conference letter (ECF No. 219), the Court will treat these filings as a motion to compel and to preclude Defendant from using information in Ms. McCarthy's expert report. Additionally, the Court will

treat Defendant's response letters (ECF Nos. 206, 222) as its opposition to Plaintiff's motion.

By his motion, Plaintiff seeks to gain access to certain information relied on by Ms. McCarthy in her expert report. In particular, he seeks documents related to (1) operating expenses, (2) debt services, and (3) capital investments. *See* ECF No. 219. Plaintiff also asks the Court to strike Ms. McCarthy's reply (ECF No. 201) because she included a discussion relating to an earlier motion to compel filed by Plaintiff. *See* ECF No. 202 at 1-2.

Federal Rule of Civil Procedure 26(a)(2)(B) states that, where an expert provides a written report, the report must contain "the facts or data considered by the witness in forming [her] opinions.]" Fed. R. Civ. P. 26(a)(2)(B)(ii). Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Rule 26(e) states that an expert who makes a report also has a duty to supplement her report, which "extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e).

First, as to operating expenses, Plaintiff claims that he requires access to the Port Authority's General Ledger as well as General Journal Entries made by accountants. ECF No. 219 ¶ 20. Ms. McCarthy stated in her report, however, that the operating expenses used in the cash flow analysis "are equal to those included in Schedule E of the Port Authority's annual audited financial Statements." ECF No. 154 at 2. Because Plaintiff already has access to Schedule E, and the operating expenses in Schedule E are all Ms. McCarthy relied on, Weisshaus is not entitled to access the General Ledger or General Journal Entries to obtain information on this item.

Next, Plaintiff requests "complete disclosure of the General Ledger" for the allocation of debt services. ECF No. 219 ¶ 26. Ms. McCarthy states in her report that the allocation of debt services is "based on each facility's pro-rated share of Unamortized Investment in Use ('UIIU')"

and that "[e]ach facility's pro-rated share of UIIU is based on the ratio of the facility's UIIU to the total Port Authority UIIU." ECF No. 154 at 3. She also states that "[s]ome data in this cash flow schedule is also taken from other reports prepared from the Port Authority's existing General Ledger system." *Id.* at 1. In her deposition, Ms. McCarthy confirmed that the unamortized investment in use information came from the General Ledger. McCarthy Dep., ECF No. 194-2, at 60:9-15. Therefore, because Ms. McCarthy allocated the debt services in her cash flow analysis based on each facility's pro-rated share of unamortized investment in use, Defendant must disclose any report that contains the unamortized investment in use information.

Finally, as to capital investments, Plaintiff requests documents related to the following items of Ms. McCarthy's cash flow analysis: (1) capital paid with cash/reserves, (2) contributions and grants in aid of construction, and (3) pass-through grants. ECF No. 219 ¶ 32.

For the contributions and grants in aid of construction, Ms. McCarthy relied on Schedule E of the annual audited financial statements—which Plaintiff has. *See* ECF No. 154 at 2-3. Plaintiff, therefore, is not entitled to any additional documents for contributions and grants in aid of construction.

In her report, Ms. McCarthy does not directly state a source of information for the capital paid with cash/reserves and the pass-through grants. *See* ECF No. 154 at 2.

The capital paid with cash/reserves apparently comes from the General Ledger. *See* McCarthy Dep. at 210:21-23 ("[T]he Capital Paid With Cash/Reserves is also from the general ledger."). If, in making her cash flow analysis, Ms. McCarthy relied on a report from the General Ledger containing the capital paid with cash/reserves, Defendant must disclose this report to Plaintiff. If Ms. McCarthy relied on some other source, she must disclose it.

Additionally, Ms. McCarthy stated in her deposition that the pass-through grants were

derived from information in the General Ledger. *See* McCarthy Dep. at 210:16-20 ("The Operating Grants were derived from the information from the general ledger, as were the -- as were the Pass-Through Grants."). Plaintiff does not have access to this information. Therefore, Defendant must disclose any report containing the pass-through grant information used in Ms. McCarthy's cash flow analysis.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's motion is granted to the extent that he seeks to compel certain disclosures from Defendant; it is further

**ORDERED** that Defendant must give to Plaintiff the information sought as described above; and it is further

**ORDERED** that Plaintiff's motion is otherwise denied.

                                                                           /s/ Richard K. Eaton
                                                                           U.S.D.J., by Designation

Dated: April 22, 2024
       New York, New York