UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

YOEL WEISSHAUS,

                        Plaintiff,

   -against-

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                        Defendant.

11 Civ. 6616 (RKE)

**ORDER**

------------------------------------------------------------------------x

**ORDER**

      On May 14, 2024, Defendant filed a Proposed Confidentiality Order. ECF No. 225. The Court directed Defendant to file a motion for a protective order in accordance with Federal Rule of Civil Procedure 26(c). On May 22, 2024, Defendant filed its motion and accompanying documents. ECF Nos. 226-28. By its motion, Defendant seeks approval of its proposed confidentiality order to protect information in the General Ledger and work papers "from any improper use by third parties which could adversely affect the Port Authority in its lawful operations." ECF No. 228 at 1. The Court will decide this motion without scheduling a hearing.

      This motion for a protective order comes in response to the Court's order dated April 22, 2024, directing Defendant to disclose information from the General Ledger relied on in Elizabeth McCarthy's affidavit/cash flow analysis to which Plaintiff did not have access. ECF No. 223. In particular, as relevant to the allocation of debt services, the Court ordered that "Defendant must disclose any report that contains the unamortized investment in use information." *Id.* at 3. For capital investments, specifically the capital paid with cash/reserves, the Court ordered: "If, in

making her cash flow analysis, Ms. McCarthy relied on a report from the General Ledger containing the capital paid with cash/reserves, Defendant must disclose this report to Plaintiff. If Ms. McCarthy relied on some other source, she must disclose it." *Id.* Finally, for pass-through grants, the Court ordered that "Defendant must disclose any report containing the pass-through grant information used in Ms. McCarthy's cash flow analysis." *Id.* at 4.

Defendant argues that a protective order is necessary because the documents the Court has directed it to disclose to Plaintiff "are not available to the public and have only been disclosed to Port Authority employees and the Port Authority's independent auditors for them to prepare the annual financial statement." ECF No. 228 at 1. Specifically, Defendant argues that the

> General Ledger contains contract payment information, which could adversely impact the integrity of the bidding process for Port Authority contracts. There is actual risk that disclosure could lead to a bidder gaining an advantage for bidding on similar or future contracts to the detriment of the Port Authority's bidding process. The General Ledger also contains rent payments whose disclosure could cause the Port Authority to be disadvantaged in negotiating future deals.

*Id.* at 1-2. In other words, disclosure of confidential information in the General Ledger without a protective order would harm Defendant in its business dealings.

Federal Rule of Civil Procedure 26(c) provides:

> A party . . . may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Fed. R. Civ. Pro. 26(c)(1)(G).

The Court finds that Defendant has shown good cause for a protective order governing the disclosure of its confidential financial information. This Court has found that "nonpublic financial

or commercial information can (and frequently does) qualify for protection under [Rule 26(c)]," subject to the party's showing good cause for restricting dissemination based on harm from its disclosure. *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, 2016 WL 1364942, at *4 (S.D.N.Y. Mar. 28, 2016). The information the Court has ordered Defendant to disclose to Plaintiff includes confidential commercial information, which may harm Defendant if disclosed beyond the persons stated in the proposed confidentiality order. And, Defendant does not seek to restrict dissemination, but rather to protect how its confidential commercial information is revealed. Moreover, Defendant has obtained Plaintiff's consent to the terms of the proposed confidentiality order. ECF No. 227-1.

Under the terms of the proposed confidentiality order, the "sensitive financial data" in the General Ledger and work papers of the financial statements would be shown only to "attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit." ECF No. 227-1 at 1. Additionally, the proposed confidentiality order states that the "parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation." *Id.* The Court, however, makes a modification to paragraph (b) of the confidentiality order to clarify that persons other than court personnel, a party, or an attorney for a party shall be required to sign an agreement to be bound by the confidentiality order. The Court additionally modifies the language in paragraph (e) for e-filing sealed documents.

Based on the foregoing, it is hereby

**ORDERED** that Defendant's motion for a protective order, ECF No. 228, is granted; and it is further

**ORDERED** that Defendant's proposed confidentiality order, ECF No. 227-1, as modified, will be entered as a separate docket entry.

/s/ Richard K. Eaton<br>U.S.D.J., by Designation

Dated: June 10, 2024
       New York, New York