UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

YOEL WEISSHAUS,

                        Plaintiff,

  -against-

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                        Defendant.

11 Civ. 6616 (RKE)

**ORDER**

------------------------------------------------------------------------x

**ORDER**

Before the Court is Plaintiff's letter-motion requesting a conference "to address the confidentiality [sic] nature of production involving spreadsheets of the General Ledger Activities and Overhead Activities" and the Port Authority's response. ECF No. 231 at 1; ECF No. 232. Plaintiff seeks an order that would (1) remove "the 'confidentiality' to the spreadsheets, given that they do not contain confidential information," (2) direct Defendant to "make [the spreadsheets] accessible for download by Plaintiff," and (3) "direct the Defendant to certify that these spreadsheets fulfill the obligations with the Order, dated April 22, 2024." ECF No. 231 at 4.

On April 22, 2024, the Court directed Defendant to disclose to Plaintiff certain information Ms. McCarthy relied upon in her cash flow analysis, including information from the General Ledger. ECF No. 223. Then, on June 10, 2024, the Court granted Defendant's unopposed motion for a protective order, which it entered the same day. ECF Nos. 229-230. The protective order designates as confidential "[s]ensitive financial data contained in the General Ledger of the Port Authority of New York and New Jersey" and "[s]ensitive financial data contained in the work

papers prepared for [the] financial statement of the Port Authority including designated Financial Income and Debt Service Allocates 2007-2021." ECF No. 230 at 1. Following entry of this protective order, the "Defendant emailed Plaintiff a link to [sic] portal [i.e., a Microsoft OneDrive folder] showing two categories of spreadsheets, (1) General Ledger Activities and (2) Overhead Activities." ECF No. 231 at 2.

First, Plaintiff argues that the spreadsheets "do not contain any information that can be discerned as 'confidential'" and thus that the Court should remove the confidential designation from these spreadsheets. ECF No. 231 at 1, 3. Under the protective order, however, "[s]ensitive financial data" from the General Ledger and work papers for financial statements are specifically identified as confidential. ECF No. 230 at 1; *see also* ECF No. 232 at 4 (indicating that Defendant informed Plaintiff that the information was "being provided subject to" the protective order). Therefore, the spreadsheets, which contain financial data from the General Ledger and of Overhead Activities, are appropriately designated as confidential. The Court declines to remove this designation.

Next, Plaintiff argues that Defendant must make the spreadsheets available in a downloadable format so that he can copy the information. *See* ECF No. 231 at 3. Plaintiff's current access is "squarely limited to viewing them online on a portal [i.e., through folders in OneDrive] administered by the Defendant." *Id.* For Plaintiff, "[w]ithout having the ability to copy and paste data between documents to create summaries, without the ability to create . . . (equations) on the spreadsheet, the Plaintiff is deprived of the ability to utilize math to discern whether the summaries of Ms. McCarthy are correct." *Id.* Additionally, Plaintiff states that because many documents have "over 100 megabytes, the spreadsheet freezes on Plaintiff frequently." *Id.* Plaintiff cites no federal rule in support of his position.

Federal Rule of Civil Procedure 34 states:

(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) if a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

Fed R. Civ. P. 34(b)(2)(E). Defendant has produced the spreadsheets of the General Ledger and Overhead Activities as they are kept in the usual course of business, granting Weisshaus access to its OneDrive folder to view them. *See* ECF No. 231 at 2. Further, Defendant has organized the spreadsheets into two categories (in separate folders) and each folder contains subfolders for the years 2007 to 2021, in which spreadsheets appear for each month. *Id.*; *see also* ECF No. 232 at 1.

Additionally, there was no request for information from the General Ledger that specified a form for producing electronically stored information. Thus, in the absence of a request for a particular form of disclosure, Defendant has produced the spreadsheets in the form in which they are ordinarily maintained. *See* Rule 34 Fed. R. Civ. P. 34(b)(2)(E)(ii) (requiring that the party produce the information "in a form or forms in which it is ordinarily maintained *or* in a reasonably usable form or forms" (emphasis added)); *see also* ECF No. 232 at 1 (indicating that the Port Authority produced General Ledger data "in the manner in which it is maintained by the Port Authority in the ordinary course of business").

Even if the Court were to consider whether the spreadsheet information is in a reasonably usable form, Plaintiff's primary complaint appears to be that he cannot copy and paste information

from the spreadsheets for his own use—in other words, he must manually type the information from the spreadsheets that he needs for his own calculations. ECF No. 231 at 3. This is problematic, Plaintiff argues, because "[e]ach spreadsheet contains voluminous entries, with some spreadsheets having over a million entries, and some documents consisting of over 100 megabytes."[1] *Id.* Yet the fact that Plaintiff may need to type information from the spreadsheets does not mean that the form of the spreadsheets is not reasonably usable. It is important to note that Plaintiff does not claim that the information he wishes to copy consists of 100 megabytes or for that matter 100 limes.

Additionally, Defendant instructed Plaintiff how to search the spreadsheets for information. ECF No. 232 at 3 ("The file made available to Plaintiff is sortable, allowing him to search for particular data and to configure it in his desired format. Plaintiff was provided instructions from the Law Department's technical advisor on how to use the sort function."). Plaintiff also argues that, by not being able to download the spreadsheets, he is deprived of the ability "to create calculations and analysis of the data related to the ITN and non-ITN." ECF No. 231 at 3. There is nothing, however, indicating that Plaintiff would not be able to create his own calculations using the data to which he now has access.

Moreover, under Rule 34, the Port Authority need not produce these electronically stored spreadsheets in an additional form, such as a downloaded document. Fed R. Civ. P. 34(b)(2)(E)(iii). Therefore, the Court will deny Plaintiff's request that the Court order Defendant to make the spreadsheets available to download.

---

[1] No spreadsheets with over 100 megabytes remain, however, because Defendant has since broken these spreadsheets into separate spreadsheets and provided them to Plaintiff. *See* ECF No. 232 at 3.

Finally, the Court declines to require Defendant to certify that the spreadsheets comply with the Court's April 22 Order, since Defendant has done so in its response, identifying the documents it produced and how they satisfy the Court's Order. *See* ECF No. 232 at 4.

Accordingly, it is hereby

**ORDERED** that Plaintiff's request for a conference is denied; and it is further

**ORDERED** that Plaintiff's other requests are denied, as discussed above.

      /s/ Richard K. Eaton
      U.S.D.J., by Designation

Dated: July 9, 2024
New York, New York