UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

YOEL WEISSHAUS,

                        Plaintiff,

                                                              11 Civ. 6616 (RKE)

  -against-

                                                              **ORDER**

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                        Defendant.

------------------------------------------------------------------------x

**ORDER**

      Before the Court is Plaintiff's motion to strike Elizabeth McCarthy's affidavit and cash flow analysis, as well as her reply to Plaintiff's expert report. ECF Nos. 235-36. By his motion, Plaintiff additionally seeks an order "precluding the submissions of the expert witness Elizabeth McCarthy, precluding the Port Authority of New York and New Jersey from submitting any documents and printouts, calculations, and data downloaded from its General Ledger, and sanctioning Defendant for withholding discoverable information." ECF No. 236-1 ¶ 1.

      While Plaintiff makes several points in his motion, it is apparent that he seeks the above relief for the sole reason that the General Ledger information was not in a reasonably usable form:

> Plaintiff has no choice but to bring this motion and seek to strike ECF 154, 154-1 and preclude the Defendant from relying on reports, printouts, calculations, and data downloaded from the general ledger for the very simple reason that the Defendant did not produce the general ledger in a usable form from which the Plaintiff would be able to produce his own reports, printouts, calculations, and data downloaded from the general ledger.

*Id.* ¶ 74. In particular, Plaintiff argues that he "does not have the privileges of working with the spreadsheets to create calculations or summaries in the same or like manner that Ms. McCarthy did" and he "must be allowed to access the spreadsheets to calculate the data and to verify the total figures for ITN facilities." *Id.* ¶¶ 21, 24. In other words, for Plaintiff, the data provided is not reasonably usable because he cannot perform calculations within the spreadsheets, and he must be given this opportunity so that he can "verify" that Ms. McCarthy's calculations are correct.

In response, the Port Authority argues that Plaintiff's "motion should be denied by the Court on the ground that it is a frivolous rehashing of prior motions denied by this Court." ECF No. 237 at 1. Specifically, regarding Plaintiff's argument about General Ledger data not being produced in a "usable form," the Port Authority points to the Court's July 9, 2024 order, ECF No. 233, ruling that Plaintiff had the necessary information to perform calculations. *Id.* at 2.

In its July 9, 2024 order, the Court denied Plaintiff's letter-motion for a pre-motion discovery conference to address issues relating to the spreadsheets of the General Ledger. For the same reasons stated in that order,[1] the Court declines to order Defendant to provide downloadable spreadsheets to Plaintiff. As stated in that order, Rule 34 requires that where, as here, a request for documents "does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained *or* in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii) (emphasis added). Thus, Defendant followed Rule 34 by

---

[1] The Court recognizes that Local Civil Rule 37.2 permits the filing of a motion after a letter-motion for a discovery conference has been denied. *See* Local Civ. R. 37.2. Accordingly, the Court considers the arguments in Plaintiff's motion, even though they largely regurgitate those stated in his letter-motion. The Court notes, however, that Plaintiff's Wednesday, August 21 reply affidavit, ECF No. 238, to Defendant's Friday, August 16 response, ECF No. 237, was filed one day late, and is therefore untimely. *See* Local Civ. R. 6.1(a) (indicating that on motions made under Federal Rule of Civil Procedure 26-37, and 45(d)(3), "any reply papers must be served within two days after service of the answering papers").

producing the data from the General Ledger, i.e., the spreadsheets, in the form in which they are ordinarily maintained. *See* ECF No. 233 at 3.

As an additional point, the Court also found—and continues to find here—that nothing indicates that the spreadsheets were not in a reasonably usable form. In particular, "the fact that Plaintiff may need to type information from the spreadsheets does not mean that the form of the spreadsheets is not reasonably usable." *Id.* at 4. The fact that Plaintiff cannot create calculations within the spreadsheets does not render the spreadsheets not reasonably usable. As the Court previously found, nothing indicates that Plaintiff "would not be able to create his own calculations using the data to which he now has access." *Id.*

In his motion, Plaintiff points to the Committee Notes to Federal Rule of Civil Procedure 34 for the proposition that a responding party who opts to produce information in a reasonably usable form (instead of the form in which it is ordinarily maintained) is not necessarily free to convert information from the form in which it is ordinarily maintained to a form that renders it more difficult for the opposing party to use the information. ECF No. 236-1 ¶ 23. For instance, the Committee Notes state, the responding party should not remove features allowing the document to be searchable. *Id.* Defendant, however, stated that it produced the information in the form in which it is ordinarily maintained. ECF No. 232 at 1 (indicating that Defendant produced General Ledger data "in the manner in which it is maintained by the Port Authority in the ordinary course of business"). Thus, the Port Authority did not convert the information into a "reasonably usable form" but rather provided it in the "form in which it is ordinarily maintained." Additionally, Defendant had instructed Plaintiff on how to search for data in the spreadsheets using a sort function. *See* ECF No. 232 at 3 ("The file made available to Plaintiff is sortable, allowing him to

search for particular data and to configure it in his desired format. Plaintiff was provided with instructions from the Law Department's technical advisor on how to use the sort function.").

Therefore, Defendant complied with Rule 34 by producing spreadsheets from the General Ledger in the form in which they are ordinarily maintained, and, in any event, nothing indicates that the spreadsheets provided to Plaintiff are not in a reasonably usable form. As a result, the "form" of the spreadsheets is not a basis upon which to strike Ms. McCarthy's affidavit and cash flow analysis, ECF No. 154 and 154-1, or her reply affidavit, ECF No. 201, 201-1. Nor is it a basis to preclude (1) Ms. McCarthy's submissions or (2) submissions from Defendant on any documents, printouts, calculations, or data downloaded from the General Ledger.

The Court also finds that sanctions are not warranted. On April 22, 2024, the Court entered an order directing Defendant to provide to Plaintiff certain information from the General Ledger.[2] ECF No. 223. Because Defendant has complied with this order by producing the relevant information from the General Ledger, the Court declines to impose sanctions. *See* Fed. R. Civ. P. 37(b)-(c).

Plaintiff's remaining arguments are without merit. Without citing any rules or caselaw, Plaintiff argues that Ms. McCarthy's "cash flow analysis [i.e., ECF No. 154-1] is pure hearsay and inadmissible for purposes of trial and summary judgment." ECF No. 236-1 ¶ 9. For Plaintiff, the information is hearsay because Ms. McCarthy "does not have personal knowledge of the figures cited in [the cash flow analysis] to be accurate" since her staff prepared information on her behalf.

---

[2] In its April 22, 2024 order, the Court considered a similar motion to preclude Defendant from using information from Ms. McCarthy's affidavit/cash flow analysis and reply in support of its cross-motion for summary judgment. ECF No. 223 at 1. Instead of imposing sanctions, the Court ordered Defendant to provide information upon which Ms. McCarthy relied in her cash flow analysis. *Id.* at 3-4. The Port Authority has done so. *See* ECF No. 232 at 2 (stating how the General Ledger spreadsheets produced comply with each of the Court's directives in its order).

*Id.* ¶ 8. That is, Ms. McCarthy did not herself see reports from the General Ledger, but she discussed and reviewed the information with her staff. *Id.* ¶¶ 8-10. Federal Rule of Evidence 703, however, provides in relevant part:

> An expert may base an opinion on facts or data in the case that the expert *has been made aware of* or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, *they need not be admissible for the opinion to be admitted*.

Fed. R. Ev. 703 (emphasis added); *see also United States v. Dukagjini*, 326 F.3d 45, 58 (2d Cir. 2003) ("[A]n expert witness may rely on hearsay evidence while reliably applying expertise to that hearsay evidence, but may not rely on hearsay for any other aspect of his testimony."). Ms. McCarthy's staff made her aware of information from the General Ledger, which they reviewed and discussed. Thus, the Court declines to find here that Ms. McCarthy's cash flow analysis is inadmissible hearsay.

Finally, Plaintiff recounts the history of discovery and states:

> Under this history of trying to prevent the Plaintiff from obtaining discoverable and admissible evidence Defendant is preventing Plaintiff from having the opportunity to verify the accuracy of the data cited by Ms. McCarthy in her affidavit. Rather, the Defendant wishes to constrain the Court to rely on the heresy [sic] Ms. McCarthy entrusted in some unknown staff to have this case decided.

ECF No. 236-1 ¶ 69. Put another way, Plaintiff apparently argues that because Defendant has "prevent[ed]" Plaintiff from obtaining discoverable evidence in the past, it is also doing so here. This argument is meritless because, as noted, Defendant is not withholding information and has complied with the Court's orders.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion is **DENIED**.

**SO ORDERED**.

                                            /s/ Richard K. Eaton
                                            U.S.D.J., by Designation

Dated: August 22, 2024
        New York, New York